IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-CR-179 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER PATRICK, | ) | <u>GOVERNMENT'S TRIAL BRIEF</u> |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its undersigned counsel, hereby submitting its trial brief.

**I.   Summary of Case**

At approximately 6:30pm on November 25, 2018, Cleveland Police officers responded to a call for domestic violence threats on East 94th Street. The female caller reported that the Defendant, with whom she shares a child, had texted her asking to see their child. The female said that when she did not respond quickly enough to the Defendant's text, the Defendant came to her house and started banging on her door and windows. Based on past instances of violence, the female called 911. The Defendant was gone by the time the police arrived, so the officers took a report from the female and left. Later that evening, the female called 911 a second time to report that the Defendant had returned and was continuing to make threats. The police responded to the call, but the Defendant was once again gone by the time they arrived. This time, the police decided to complete their reports while waiting near the house.

While the officers were completing their reports, they saw the Defendant returning to the scene in his car. The officers walked toward the Defendant's car to speak to him. Unprompted,

the Defendant stuck both of his hands through the driver's side window and stated that he had a gun under his seat. The officers removed the Defendant from his car and searched under the driver's seat, where they found a loaded 9mm handgun. An officer asked the Defendant where he got the gun. The Defendant replied, "I found it." The officers' interaction with the Defendant was captured on body camera.

The Defendant is prohibited from possessing a firearm or ammunition under federal law due to a prior felony conviction for Robbery with Firearm Specifications. Detective Steven Veverka of the Cuyahoga County Sheriff's Department verified the Defendant's criminal history by comparing his current fingerprints with the fingerprint cards from his prior conviction.

ATF Special Agent Gerrod Briggs examined the 9mm firearm and ammunition found under the Defendant's seat. Agent Briggs determined that that the handgun had been manufactured in Florida, and that the ammunition had been manufactured in either Connecticut or Arkansas.

## II. Evidentiary Issues

### a. Constructive Possession

Given the facts of this case, which involve a firearm under the Defendant's seat, the Government has requested that the Court give an instruction based on Sixth Circuit Pattern Jury Instruction 2.10 (Actual and Constructive Possession). As noted in the Committee Commentary, this Pattern Instruction has been approved by a panel of the Sixth Circuit. See United States v. Edmondson, 1994 WL 264240, 1994 U.S.App. LEXIS 14973 (6th Cir. 1994).

### b. If the Defendant does not stipulate to having a prior felony conviction, the Government is permitted to offer his prior conviction as evidence.

A district court abuses its discretion by refusing to accept the defendant's offer to stipulate to his prior felony conviction in a felon in possession of a firearm trial. Old Chief v.

United States, 519 U.S. 172 (1997). However if the defendant does not offer a stipulation to that element, the government is permitted—and indeed required—to offer evidence about the nature of the defendant's prior convictions. United States v. Davis, 515 F. App'x 486, 487–88 (6th Cir. 2013) ("Having refused a stipulation that would have expedited the trial and benefitted him by not disclosing the nature of his prior felonious conduct, Davis has no cause to complain about the introduction of evidence proving that he was in fact a convicted felon.").

Both the Government and Defense Counsel will work diligently to submit stipulations to the Court. Based on conversations with Defense Counsel, the Government expects that the Defendant will stipulate to having a prior felony conviction. However, if the Defendant declines to stipulate to having a prior felony conviction, the Government would prove that element by offering a certified copy of the Defendant's prior conviction and by calling a witness to compare the Defendant's recent fingerprints with the fingerprint cards from his prior conviction.

### c. The Government intends to elicit background information from the police officers about why they were on the scene, and why they approached the Defendant's car when he arrived.

"Background information that explains how law enforcement came to be involved with a particular defendant is not hearsay, because it is not being offered for the truth of the matter asserted." United States v. Caver, 470 F.3d 220, 239 (6th Cir. 2006). As such, testimony from law enforcement about information they learned from third parties, which then led to an interaction with the defendant, may be admissible "to show why the officers acted as they did." See United States v. Nelson, 725 F.3d 615, 620 (6th Cir. 2013). However, background information that law enforcement learned from third parties may become inadmissible when that information is overly specific or implicates the defendant in the crimes charged. See id. (holding that district court, in felon in possession of a firearm trial, erred in allowing police officers to

3

repeat the detailed allegations made by an anonymous 911 caller, who stated that a person matching the defendant's exact description was armed with a firearm); see also Carver, 470 F.3d at 239–40. In Nelson, the Sixth Circuit offered the following guidance on how to present background information from law enforcement witnesses:

> [T]o the extent the jury needed to hear about what prompted the police action, a less-detailed statement indicating that the police received a 911 call, without detailing the caller's description, would have avoided the prejudice problem while still ensuring that the jury was given the minimal background information needed to understand why the officers behaved as they did. For example, the officers could have testified that they were responding to an anonymous complaint of illegal activity in the area, or that they were responding to a report of a suspicious individual believed to be dangerous.

Nelson, 725 F.3d at 620.

Here, the Government intends to elicit background testimony from the police officers about why they were at the house and why they decided to approach the Defendant's car when he arrived. The Government does not intend to have the officers give a detailed account of what the female caller stated or what specific allegations she made.[1] However, providing the jury with some context would be necessary for the jurors to understand why the officers were waiting in that area, and why they approached the Defendant's car when they saw him arrive.

### III. Conclusion

The Government requests that the Court consider the evidentiary issues discussed above that could arise at trial.

---

[1] If the Defendant opens the door to this information, the Government may seek to offer it.

4

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ James P. Lewis
James P. Lewis (MD: 1412170148)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3958
(216) 522-8355 (facsimile)
James.Lewis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ James P. Lewis
James P. Lewis
Assistant U.S. Attorney